## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America                                        Criminal No. 10-225 (DWF/FLN)

                        Plaintiff,

v.                                                                               **MEMORANDUM**
                                                                            **OPINION AND ORDER**

Lindon Roy Knutson,

                        Defendant.

_____

Kevin S. Ueland, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Reynaldo A. Aligada, Jr., Assistant Federal Defender, Office of the Federal Defender, counsel for Defendant.

_____

### INTRODUCTION

This matter came before the Court on remand from the Eighth Circuit Court of Appeals for determination on the merits of Plaintiff Lindon Roy Knutson's ("Knutson") Motion to Dismiss Indictment. (Doc. Nos. 22, 43.) The Court denied the Motion to Dismiss Indictment on the record at the hearing on this matter. (Doc. No. 49.) The Court issues this order summarizing the Court's decision.

### BACKGROUND

On August 9, 2010, Knutson was indicted for failure to register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), after traveling in interstate commerce. (Doc. No. 1 at 1.) On December 8, 2010, Knutson

moved to dismiss the indictment,[1] arguing that the delegation of authority to the Attorney

General to determine the application of SORNA to pre-Act offenders was impermissible

and that the interim rule enacted by the Attorney General did not comply with the

Administrative Procedure Act.  (Doc. No. 22.)  At the time of the motion, the Eighth

Circuit held that pre-Act offenders did not have standing to challenge SORNA under the

non-delegation doctrine.  *See, e.g., United States v. May*, 535 F.3d 912, 921 (8th Cir.

2008), *abrogated by Reynolds v. United States*, 132 S. Ct. 975 (2012).  On January 5,

2011, the Court denied Knutson's motion for lack of standing.  (Doc. No. 29.)  On

April 25, 2011, the Court sentenced Knutson to 37 months.  (Doc. No. 36.)

On May 3, 2011, Knutson filed an appeal to the Eighth Circuit.  (Doc. No. 37.)

On January 23, 2012, the Supreme Court of the United States decided that pre-Act

offenders required to register under SORNA do have standing to challenge SORNA

under the non-delegation doctrine.  *Reynolds*, 132 S. Ct. at 984.  After *Reynolds*, the

Eighth Circuit remanded this case for consideration of the challenge to SORNA under the

non-delegation doctrine.[2]  (Doc. No. 43.)

---

[1]     The Motion to Dismiss Indictment was filed as part of a conditional plea
agreement in which Knutson entered a guilty plea while preserving the right to appeal on
the basis of the legal arguments in the motion and, if successful, withdraw the guilty plea.
(Doc. No. 22 at 1.)

[2]     The Eighth Circuit affirmed the District Court's decision in part, including the
District Court's denial of the motion on the grounds that Knutson did not have standing
to challenge the interim rule under the Administrative Procedure Act.  (Doc. No. 42 at 4.)
Therefore, Knutson now asserts only his argument under the non-delegation doctrine.
(Doc. No. 46, Def.'s Post-Remand Mem. at 4.)

**DISCUSSION**

Knutson argues that Congress impermissibly delegated its legislative power to the Attorney General without providing an "intelligible principle" to guide the exercise of authority. Specifically, Knutson states that there was no Congressional guidance to determine to whom SORNA applies and if it is retroactive. Knutson further argues that, without a guiding intelligible principle, this delegation to the Executive Branch is an unconstitutional violation of the separation of powers.

The United States argues that Congress has provided intelligible principles to guide the Attorney General. The Court agrees. First, SORNA includes a broad policy goal: "In order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators . . . , Congress in this chapter establishes a comprehensive national system for the registration of those offenders." 42 U.S.C. § 16901. Second, SORNA includes restrictions on the delegated authority by stating what crimes require registration, how the registration process is completed, and the penalties for failure to register. Finally, the United States cites to four U.S. Circuit Courts that have also concluded that Congress provided the necessary intelligible principles to permit the delegation of legislative authority under SORNA.[3] While the Eighth Circuit has yet to rule on the issue, the Court finds the reasoning of the other circuits persuasive. Moreover, Knutson failed to identify any factual information that

---

[3]     *See United States v. Felts*, 674 F.3d 599 (6th Cir. 2012); *United States v. Burns*, 418 F. App'x. 209 (4th Cir. 2011); *United States v. Guzman*, 591 F.3d 83 (2d Cir. 2010); *United States v. Ambert*, 561 F.3d 1202 (11th Cir. 2009).

would make his case distinguishable from the matters decided by the other circuits who have reached the issue.

For the reasons stated in the record, and those summarized above, the Court has denied the Motion to Dismiss Indictment because Congress has provided intelligible principles to guide the Attorney General's exercise of the delegated authority.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.      Defendant's Motion to Dismiss Indictment (Doc. No. [22]) is **DENIED**.


Dated:  July 24, 2012                                     s/Donovan W. Frank
                                                          DONOVAN W. FRANK
                                                          United States District Judge